Hill v. Smalley.

---

### HENRY HILL v. ANDREW A. SMALLEY.

H. and S. entered into business, October 1st, 1871, to continue until April 1st, 1875, unless, at the expiration of eighteen months from the former date, the business did not pay its own expenses, in which event, S. was to have the right to close it after that time. The entire working capital, $5000, was furnished by S. It appearing that, on the 8th of August, 1872, this working capital was lost—*held*, that S. was not obliged to furnish more capital, or to pledge his credit in the prosecution of the business, and that he might, therefore, terminate the agreement, August 8th, 1872, subject to his liability to pay H. wages to April 1st, 1873.

---

In covenant. On rule to show cause.

Argued at February Term, 1874, before the CHIEF JUSTICE, and Justices SCUDDER, VAN SYCKEL and WOODHULL.

For the plaintiff, *L. McCarter* and *Thos. N. McCarter*.

For the defendant, *Coult* and *Cortlandt Parker*.

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was instituted to recover damages for the breach of a written contract made between these parties, under date of September 28th, 1871. By the

agreement, the parties entered into the grist-mill and kindling-wood business in the city of Newark. Smalley, who was the capitalist, agreed to invest in the undertaking an amount not less than $10,000, and as much more as would be sufficient to secure a working capital of $5000 over and above the cost of the improvements necessary to conduct the business.

Smalley also agreed to employ Hill in the business, and to pay him $200 per month, together with such sum as would make his total compensation equal to fifty per cent. of the net profits. The following items were to be considered among the expenses :

1. Hill's salary of $2400 per year.

2. A similar sum of $2400 to be drawn by Smalley.

3. The rent of the wharf, at $1500 per year.

4. Interest at seven per cent. on the capital invested.

5. Necessary repairs.

The business was to commence at once,. and to continue until April 1st, 1875, unless, at the expiration of eighteen months from October 1st, 1871, the business did not pay its own expenses, exclusive of the $2400 to be drawn by Smalley, in which event, Smalley was to have the right to close said business from and after that time. On the 8th of August, 1872, Smalley terminated the agreement by discharging Hill from his employment, which is the breach alleged in the declaration. The damages claimed and recovered, were the plaintiff's wages and the supposed profits which might have accrued to the plaintiff, if the service had continued. On the trial of the cause, the plaintiff obtained a verdict for $4500.

By a balance sheet prepared by the plaintiff himself, August 8th, 1872, and offered in evidence in the cause,. the assets of the concern consisted of the following items :

| | |
|---|---|
| Cash ........ ......... ..... ............ .... ....... | $774 24 |
| Wood on hand...... ......... ...... ...... ........... | 1236 33 |
| Implements, at cost........ ...... .... .... ...... | 309 18 |
| Furniture, at cost........ ............ ................. | 255. 92 |
| Barrels ......... ......... ......... ........ ........... | 67 13 |

Hill v. Smalley.

| | | |
|---|---|---|
| Teams, at cost | $1493 | 45 |
| Collectable accounts | 870 | 58 |
| Entire assets | $5006 | 83 |
| Debts | 9988 | 43 |
| Loss to August 8th, 1872 | $4981 | 60 |

If to this is added interest on the capital invested by Smalley, and the depreciation in value of the implements, furniture, and teams, it appears that when the plaintiff was discharged, more than $5000 had been lost in the business. The defendant had engaged to furnish only $5000 for working capital, and was, therefore, under no obligation to provide more when that was exhausted; nor was he holden by any provision of the contract to pledge his credit, after the loss of the $5000. It would be a very unreasonable interpretation of the agreement to require the defendant to continue the business after the entire capital was lost. I think he had a right to withdraw from it as he did, subject to his absolute and unconditional liability to employ Hill until April 1st, 1873. The plaintiff's right to wages under that employment was clearly and accurately stated by the court at the trial below. In estimating the loss of the entire working capital, Hill's wages, during the time the improvements necessary to conduct the business were being made, were added to the expenses, but so the contract is written, and the parties must stand upon it. The business was to commence, not when the improvements were completed, but on the 28th of September, 1871, and in computing the loss the only item of expense to be excluded was the $2400 reserved to Smalley.

The rule to show cause should be made absolute and a new trial granted, unless the plaintiff elects to let the verdict stand for a sum sufficient to cover his stipulated wages from the time of his dismissal by defendant, until April 1st, 1873. If counsel cannot agree upon the amount the court will settle it.

The CHIEF JUSTICE and Justices SCUDDER and WOODHULL concurred.